CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper
Thomas S. Kessler
David Z. Schwartz
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
*Attorneys for Antonio Reinaldo Rabelo Filho,*
*as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 26-11522 (MEW) |
| Braskem S.A.,[1] | Chapter 15 |
|     Debtor in a Foreign Proceeding. | |
| In re: | Case No. 26-11523 (MEW) |
| Braskem Netherlands B.V., | Chapter 15 |
|     Debtor in a Foreign Proceeding. | |
| In re: | Case No. 26-11524 (MEW) |
| Braskem Netherlands Inc. B.V., | Chapter 15 |
|     Debtor in a Foreign Proceeding. | |

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Company (1581–US).

| | | |
|---|---|---|
| In re:<br><br>Braskem Netherlands Finance B.V.,<br><br>  Debtor in a Foreign Proceeding. | ) ) ) ) ) ) ) ) ) ) | Case No. 26-11526 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Trading & Shipping B.V.,<br><br>  Debtor in a Foreign Proceeding. | ) ) ) ) ) ) ) ) ) | Case No. 26-11527 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem America Finance Co.,<br><br>  Debtor in a Foreign Proceeding. | ) ) ) ) ) ) ) ) ) ) | Case No. 26-11528 (MEW)<br><br>Chapter 15 |

## MOTION FOR AN ORDER
## DIRECTING THE JOINT ADMINISTRATION OF THE CHAPTER 15
## CASES OF BRASKEM S.A. AND ITS DEBTOR AFFILIATES PURSUANT
## TO SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
## 1015(B)

Antonio Reinaldo Rabelo Filho (the "Petitioner" or the "Foreign Representative"), the duly-authorized foreign representative of Braskem S.A.; Braskem Netherlands B.V.; Braskem Netherlands Inc. B.V.; Braskem Netherlands Finance B.V.; Braskem Trading & Shipping B.V.; and Braskem America Finance Co. (collectively, the "Debtors" or the "Company") in the jointly-administered protective injunction proceeding in support of a court-supervised interim mediation process (the "Brazilian Mediation", and together with the protective injunction proceeding, the "Brazilian Proceeding") that is in furtherance or in preparation of either an extrajudicial proceeding (*recuperação extrajudicial*) (the "Brazilian EJ") or a judicial reorganization (*recuperação judicial*) (the "Brazilian RJ") of the Debtors, which commenced on June 24, 2026, pursuant to Federal Law

No. 11.101 of February 9, 2005 (as modified, the "Brazilian Bankruptcy Law"), of the laws of the Federative Republic of Brazil ("Brazil"), pending before the 2nd Bankruptcy and Reorganization Division of the São Paulo State Court of Justi(the "Brazilian Court")[2], by and through the undersigned counsel, respectfully submit this motion (the "Motion") seeking entry of an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order") directing the joint administration of the above-captioned chapter 15 cases (the "Chapter 15 Cases") for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"),[3] and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Motion, the Petitioner respectfully represents as follows:[4]

## **JURISDICTION**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

---

[2]     The case number for the Brazilian Proceeding before the Brazilian Court is 4113246-86.2026.8.26.0100.

[3]     Except as otherwise indicated, section and chapter references are to the U.S. Bankruptcy Code.

[4]     In further support of this Motion, the Petitioner relies upon and incorporates by reference the: (i) *Verified Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1515, 1517, 1520, and 1521* (the "Verified Petition"); and (ii) *Declaration of Ana Elisa Laquimia Pursuant to 28 U.S.C. § 1746 in Support of the Verified Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(A), 1515, 1517, 1520 and 1521* (the "Brazilian Counsel Declaration"), both of which were filed substantially concurrently herewith.  Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Verified Petition.

**BACKGROUND**

2.      The relevant factual background with respect to the relief sought in this Motion is set forth in the Verified Petition.   The Court may find therein a description of the Brazilian Proceeding of the Debtors, the Debtors' businesses, corporate and capital structures, and the circumstances leading to the commencement of the Brazilian Proceeding and these Chapter 15 Cases.

**RELIEF REQUESTED**

3.      By this Motion, the Petitioner seeks entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b) in the form annexed hereto as **Exhibit A**, directing the joint administration of the Chapter 15 Cases for procedural purposes only.

**BASIS FOR RELIEF**

4.      Bankruptcy Rule 1015(b) provides, in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  As the Verified Petition makes clear, the Debtors are "affiliates" as that term is defined in the Bankruptcy Code. *See* 11 U.S.C. §101(2).  The Debtors have filed forms of voluntary petitions ECF No. 1 (collectively, the "Forms of Voluntary Petition" and, together with the Verified Petition, the "Petition") for relief under chapter 15 of the Bankruptcy Code concurrently herewith.  As such, "two or more petitions are pending" in this Court within the meaning of such phrase as used in Bankruptcy Rule 1015(b).

5.      Courts have granted joint administration based solely upon Bankruptcy Rule 1015(b). *See, e.g.*, *In re Raízen S.A.*, No. 26-10528 (LGB) (Bankr. S.D.N.Y. Mar. 16, 2026), ECF No. 21; *In re InterCement Brasil S.A.*, No. 24-11226 (MG) (Bankr. S.D.N.Y. July 18, 2024), ECF No. 6; *In re Americanas S.A., et al.*, No. 23-10092 (MEW) (Bankr. S.D.N.Y. Jan. 26, 2023), ECF

No. 6; *In re Andrade Gutierrez Engenharia S.A., et al.*, No. 22-11425 (MG) (Bankr. S.D.N.Y. Oct. 31, 2022), ECF No. 7; *In re U.S.J. – Açúcar e Álcool S.A., et al.*, No. 22-10320 (DSJ) (Bankr. S.D.N.Y. Apr. 4, 2022), ECF No. 15; *In re Novonor S.A. – Em Recuperacao Judicial, et al.*, No. 19-12731 (SMB) (Bankr. S.D.N.Y. Aug. 28, 2019), ECF No. 9; *In re Serviços de Petróleo Constellation S.A.*, No. 18-13952 (MG) (Bankr. S.D.N.Y. Dec. 7, 2018), ECF No. 13; *In re OI S.A.*, No. 16-11791 (SHL) (Bankr. S.D.N.Y. June 6, 2016), ECF No. 11; *In re OAS S.A.*, No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015), ECF No. 13; *In re Aralco S.A. – Indústria e Comércio*, No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015), ECF No. 9. As such, the Court has authority to enter the Proposed Order pursuant to Bankruptcy Rule 1015(b).

6.     In addition to Bankruptcy Rule 1015(b), the Petitioner submits that the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code. Section 105(a), made applicable in chapter 15 cases pursuant to section 103(a), permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). The relief requested herein is consistent with, and furthers the meaning and purpose of, the Bankruptcy Code and Rules. *See In re Select Tree Farms, Inc.*, 483 B.R. 595, 597 (Bankr. W.D.N.Y. 2012) (Section 105(a) "empower[s] the bankruptcy court to exercise its equitable powers . . . to facilitate the implementation of other Bankruptcy Code provisions.") (internal quotations omitted) (citing *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 97 (2d Cir. 2010)); *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 692 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) consistent with the Bankruptcy Code and the Bankruptcy Rules) (citing *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 620-21 (2d. Cir. 1999)). Additionally, joint administration pursuant to Bankruptcy Rule 1015(b) is not limited to plenary cases, and the requested relief will promote

these Chapter 15 Cases' efficient administration, one of the stated purposes of chapter 15. *See* 11 U.S.C. § 1501(a)(3). Therefore, the Court has additional authority under section 105(a) of the Bankruptcy Code to enter an order directing the joint administration of the Chapter 15 Cases.

7.    The Petition establishes that joint administration of these Chapter 15 Cases is warranted because: (i) the Debtors' financial affairs and business operations are closely related; (ii) each of the Debtors is a party to the Brazilian Proceeding; and (iii) the joint administration of the Chapter 15 Cases will ease the administrative burden of the Chapter 15 Cases on this Court and parties in interest.

8.    Moreover, granting the relief requested herein will limit the costs associated with the Chapter 15 Cases, resulting in savings that the Debtors can use for their continued operations and thus for the preservation of their going concern value. Additionally, the rights of creditors of the Debtors will not be affected by the joint administration of the Chapter 15 Cases, as this Motion requests consolidation for administrative purposes only. By granting this Motion, the Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files for each of the Debtors' cases.

9.    As such, the Petitioner respectfully requests that the caption of each of the Chapter 15 Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )<br>)<br>)   Case No. 26-11522 (MEW)<br>) |
| Braskem S.A., *et al.*[1] | )<br>)   Chapter 15 |
| Debtor in a Foreign Proceeding. | )   (Jointly Administered)<br>) |

1        The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581–US).

10.        The Petitioner also requests that the Court direct that the following statement be entered on the docket of each of the Chapter 15 Cases to reflect their joint administration:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Company (1581–US).

**NOTICE**

11.        The Petitioner requests that the Court grant this Motion without notice to creditors, as the entry of the Proposed Order will not adversely affect the rights of any creditors because it is for administrative purposes only.  The Petitioner, however, will serve notice of the signed order granting the relief requested herein in accordance with the *Motion Pursuant to Federal Rules of Bankruptcy Procedure 2002(m) and (q) and 9007 for Order Scheduling Hearing and Approving Form and Manner of Service of Notice*, which was filed substantially concurrently herewith.

**NO PRIOR REQUEST**

12.        No previous motion for the relief sought herein has been made by the Petitioner to this Court or any other court.

**CONCLUSION**

13.        WHEREFORE, the Petitioner respectfully requests that the Court grant the Motion, order the joint administration of the Chapter 15 Cases by entry of an order substantially in the form of the Proposed Order annexed hereto as **Exhibit A** and grant such other and further relief it deems just and proper.

Dated: June 26, 2026                     Respectfully submitted,
      New York, New York

/s/ *Thomas S. Kessler*

Cleary Gottlieb Steen & Hamilton, LLP
Richard J. Cooper
Thomas S. Kessler
David Z. Schwartz
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Antonio Reinaldo Rabelo Filho, as Petitioner and Foreign Representative*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Braskem S.A.,[1]<br><br>Debtor in a Foreign Proceeding. | Case No. 26-11522 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Netherlands B.V.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-11523 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Netherlands Inc. B.V.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-11524 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Netherlands Finance B.V.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-11526 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Trading & Shipping B.V.,<br><br>Debtor in a Foreign Proceeding. | Case No. 26-11527 (MEW)<br><br>Chapter 15 |

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581–US).

| | |
|---|---|
| In re:<br><br>Braskem America Finance Co.,<br><br>   Debtor in a Foreign Proceeding. | Case No. 26-11528 (MEW)<br><br>Chapter 15 |

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Upon the *Motion for an Order Directing the Joint Administration for the Chapter 15 Cases of Braskem S.A. and its Debtor Affiliates Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b)* (the "Motion")[2] of the Petitioner in the above-captioned chapter 15 cases (the "Chapter 15 Cases") in respect of the above-captioned debtors in a foreign proceeding (collectively, the "Debtors") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, for the joint administration of the Chapter 15 Cases for procedural purposes only, all as more fully set forth in the Motion; and it appearing that the Court has jurisdiction over this matter; and it having been determined that prior notice of the Motion to all creditors is not required; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief ordered herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law. To the extent any of the following findings of fact constitute conclusions

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.). This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

C.      The requested relief is necessary and appropriate to carry out the efficient administration of the Chapter 15 Cases and the provisions of the Bankruptcy Code.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Chapter 15 Cases of the Debtors are hereby consolidated for procedural purposes only and shall be jointly administered by the Court. Nothing herein shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 15 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

3.      Pleadings in these Chapter 15 Cases shall be required to bear a caption substantially in the following form:

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 26-11522 (MEW) |
| Braskem S.A., *et al.*[1] | ) | |
| | ) | Chapter 15 |
| Debtor in a Foreign Proceeding. | ) | (Jointly Administered) |
| | ) | |

1      The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Netherlands Inc. B.V. (9B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581 – US).

4.      A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Netherlands Inc. B.V. (9B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581 – US).

5.      The Debtors may request that this Order apply to any future filing of a chapter 15 case of any affiliate of the Debtors.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: [●]
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

4