**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Braskem S.A.,[1]<br><br>  Debtor in a Foreign Proceeding. | Case No. 26-11522 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Netherlands B.V.,<br><br>  Debtor in a Foreign Proceeding. | Case No. 26-11523 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Netherlands Inc. B.V.,<br><br>  Debtor in a Foreign Proceeding. | Case No. 26-11524 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Netherlands Finance B.V.,<br><br>  Debtor in a Foreign Proceeding. | Case No. 26-11526 (MEW)<br><br>Chapter 15 |
| In re:<br><br>Braskem Trading & Shipping B.V.,<br><br>  Debtor in a Foreign Proceeding. | Case No. 26-11527 (MEW)<br><br>Chapter 15 |

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581–US).

|  | ) |  |
|---|---|---|
| In re: | ) | Case No. 26-11528 (MEW) |
|  | ) |  |
| Braskem America Finance Co., | ) |  |
|  | ) | Chapter 15 |
| Debtor in a Foreign Proceeding. | ) |  |
|  | ) |  |

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Upon the *Motion for an Order Directing the Joint Administration for the Chapter 15 Cases of Braskem S.A. and its Debtor Affiliates Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b)* (the "Motion")[2] of the Petitioner in the above-captioned chapter 15 cases (the "Chapter 15 Cases") in respect of the above-captioned debtors in a foreign proceeding (collectively, the "Debtors") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, for the joint administration of the Chapter 15 Cases for procedural purposes only, all as more fully set forth in the Motion; and it appearing that the Court has jurisdiction over this matter; and it having been determined that prior notice of the Motion to all creditors is not required; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief ordered herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

### THIS COURT HEREBY FINDS AND DETERMINES THAT:

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law.  To the extent any of the following findings of fact constitute conclusions

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.). This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

C. The requested relief is necessary and appropriate to carry out the efficient administration of the Chapter 15 Cases and the provisions of the Bankruptcy Code.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Chapter 15 Cases of the Debtors are hereby consolidated for procedural purposes only and shall be jointly administered by the Court. Nothing herein shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 15 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

3. Pleadings in these Chapter 15 Cases shall be required to bear a caption substantially in the following form:

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | )    Case No. 26-11522 (MEW) |
| Braskem S.A., *et al.*[1] | ) |
| | )    Chapter 15 |
| Debtor in a Foreign Proceeding. | )    (Jointly Administered) |
| | ) |

1        The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Netherlands Inc. B.V. (9B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581 – US).

4.        A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Netherlands Inc. B.V. (9B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581 – US).

5.        The Debtors may request that this Order apply to any future filing of a chapter 15 case of any affiliate of the Debtors.

6.        This Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: June 26, 2026
            New York, New York

                                                **s/Michael E. Wiles**
                                                HONORABLE MICHAEL E. WILES
                                                UNITED STATES BANKRUPTCY JUDGE

4